## Walters v. Acker

*H. N. Ball*, for plaintiff

*S. E. Kratzok*, for defendant.

FLOOD, J., October 21, 1947.—Plaintiff, Katherine S. Walters, has sued defendant in ejectment for premises 3901 Parrish Street, Philadelphia, Pa.

In the answer defendant did not deny plaintiff's title but claims under an oral lease made with Hall & Smedley, acting through plaintiff's husband, Herbert L. Walters, their duly authorized agent, for the term of two and a half years from November 1, 1945. The answer states that Walters represented to defendant that Hall & Smedley, his principals, were lessees of the

property from Pennsylvania Railroad Company, the owner, and that they had the right to sublease. However, defendant does not aver that Hall & Smedley actually had the right to sublease, contenting himself merely with the statement that Walters so represented. He further avers that after plaintiff became the owner of premises in August 1946 defendant continued to pay rental at the amount stipulated in the oral lease ($45 per month) to Walters as the agent of plaintiff and that plaintiff accepted this rental each month thereafter until April 1, 1947. He further avers that plaintiff, in violation of the terms of the lease on February 8, 1947, notified him to vacate by March 8, 1947, and on April 18, 1947, issued a summons for possession of said premises out of Magistrate's Court No. 7 of Philadelphia, Pa., under which, following hearing, judgment was rendered in favor of plaintiff on April 25, 1947, for possession of said premises, and that thereafter, on April 29, 1947, defendant took an appeal from said judgment to the Court of Common Pleas No. 3 of Philadelphia County, as of March term, 1947, no. 3745, and that said appeal is still pending and undisposed of.

To this answer plaintiff filed preliminary objections upon the ground that the answer does not set forth any defense and prays therein for judgment for possession.

Several questions arise under this state of the record:

(1) Did plaintiff take title to the premises under and subject to the lease to defendant?

(2) Did plaintiff, by accepting the rent and retaining Walters as her agent after she took title, ratify the oral lease?

(3) Did plaintiff, by accepting the rental thereafter and leaving plaintiff in undisturbed possession for a period of eight months, adopt the lease, and can it be

said defendant is holding under terms the same as those of the lease because of the conduct of the parties?

(4) Does the pendency of the action before the magistrate bar further proceedings herein?

(5) In any event, should judgment be given for plaintiff?

1. If the lease was validly made in the first place, plaintiff would take title to the property under and subject to the lease to defendant. However, defendant does not set forth facts sufficient to show that the lease was validly made. He merely states that Walters represented that he had authority to make the lease but nowhere unequivocally says that Walters did have such authority.

2. Since plaintiff was not the owner of the property when the lease was made she cannot ratify the act of the person who made the lease, since she could not have authorized it at the time when it was made: A. L. I. Restatement of the Law of Agency, §84(2). As the restatement puts it (§87): "To become effective as ratification, the affirmance must be by the person identified as the principal at the time of the original act or, if no person was then identified, by the one for whom the agent intended to act". The averments of the answer indicate that plaintiff was not identified as the principal at that time or that the agent intended to act for her at that time. It states, directly to the contrary, that Walters identified Hall & Smedley as his principal and that Hall & Smedley were represented to be lessees of Pennsylvania Railroad Co., the owner, and that plaintiff did not become the owner until later.

3. In the absence of any facts which indicate either that plaintiff took the property burdened with the lease to defendant or that she ratified the act of her husband in making the lease originally, the acceptance of rent by plaintiff from defendant is an equivocal act at least as consistent with a tenancy at will or a month-to-month lease as with a lease for a definite term of two

years or more. There is no basis in this conduct for a conclusion that there was a new contract of lease for the balance of the period of the old lease. The cases cited by defendant go counter to his contention, and indicate that the conduct of the parties here would result in a finding that there was a lease, not for a definite term, but from month to month or at will.

4. It is no defense to the complaint that a proceeding in the magistrate's court for possession of the premises is still pending. This was specifically decided adversely to defendant's contention in Harper et ux. v. Quinlan, 159 Pa. Superior Ct. 367 (1946). Defendant relies upon the dictum in the Harper v. Quinlan case to the effect that the two actions may be brought cumulatively so long as they are not inconsistent, and argues that in this case the magistrate's action and the common pleas' action are inconsistent since the first affirmed the lease and the second treats defendant as a trespasser. As a matter of fact an examination of the complaint in the action before us does not bear this out. The complaint simply avers that defendant has no right to the premises and this could be as a result of being in possession after the expiration of the lease as well as being in possession without any lease. On the face of the pleadings there is no real inconsistency between the two actions.

Moreover, if there were any inconsistency, we doubt very much whether the dictum in Harper v. Quinlan still represents the law. Since that case was decided, our Supreme Court has made effective Pa. R. C. P. 1020(c) which provides that causes of action and defenses may be pleaded in the alternative. When the law has been so modified with regard to pleadings, it would seem that any such principle with relation to inconsistent actions as that enunciated in the dictum in Harper v. Quinlan can no longer stand.

5. For the reasons above set forth, we are of the opinion that defendant has not set forth a good de-

fense. But we do not feel that the judgment should be entered against him on the pleadings if there is a substantial possibility that he might state a good defense in an amended answer. It may be that he can truthfully aver what he merely inferred in his argument before us, namely that the lease was originally made by persons with the right to make it. If that be so it may very well be that plaintiff took the property burdened with the lease, and if so, the defense is valid. We therefore think that he should have an opportunity to amend his answer, under the provisions of Pa. R. C. P. 1028(e).

The preliminary objections are sustained with leave to defendant to file an amended answer within 20 days.